JOHN NICHOLS, appellant, *v.* SAMUEL RUCKELLS, appellee.

*Appeal from Sangamon.*

In an action before a justice of the peace, unliquidated damages, arising out of contracts, may be setoff.

The words "claim or demand," as used in the § 17 of the practice act, embrace all cases arising out of contracts, whether expressed or implied.

A justice of the peace has jurisdiction of a setoff exceeding $100, where the balance claimed by the defendant does not exceed that sum; and, *semble*, that if the balance exceeds $100, the justice must do one of two things, either allow so much of the note as will setoff the plaintiff's claim, and give judgment for the defendant for costs, or dismiss the suit altogether.

THIS cause was heard in the Court below, at the July term, 1840, before the Hon. Samuel H. Treat.

(1) R. L. 122; Gale's Stat. 141.

J. D. URQUHART, for the appellant.

S. T. LOGAN, for the appellee.

BROWNE, Justice, delivered the opinion of the (old) Court:

The questions presented for the consideration of the Court in this case are, first, the kind of damages that may be set off in an action commenced before a *justice of the peace;* and, secondly, what is the extent of such justice's jurisdiction?

The facts, as appears from the bill of exceptions in the cause, are, that Nichols brought a suit before a justice of the peace, against Ruckells, on an account, amounting to $50.23½. On the trial the jury found a verdict for the defendant for $61.14, for which judgment was rendered, and an appeal taken by Nichols, to the Circuit Court. In the Circuit Court, the plaintiff, Nichols, proved his account, amounting to $50.23½, and closed his case, a jury having been waived by the parties. The defendant then introduced an account against the plaintiff, amounting, in all, to the sum of $675, and consisting of various items, the last of which was as follows: " Hired two hands three months, and were unemployed, in consequence of disappointment, at $1 per day, 150 days—$150." When the defendant had reached this item in his account, and was proceeding to examine witnesses to support it, the plaintiff objected, on the ground that it was not admissible in this form of action, as a setoff, being in the nature of unliquidated damages, and properly the subject of a distinct and separate action. This item grew out of a charge made by the plaintiff against the defendant, for the rent of a mill, for six months, at three dollars per month, by a written agreement between the parties, in which it was stipulated that Nichols should dig out the dirt from the wheel, within one month, so that the shaft would be clear, and erect works to keep the banks from washing under the mill, and furnish blocks for underpinning, and pries to raise the mill. The item for rent of the mill went to make up the sum claimed and proved by Nichols against Ruckells. The Circuit Court admitted the evidence of the defendant, to which the plaintiff objected, and a bill of exceptions was signed, and gave judgment for the defendant for $61.14, from which the plaintiff appealed to this Court. The assignment of errors questions the decision of the Circuit Court in admitting the evidence in support of the item of charge of $150 for damages, and in entertaining jurisdiction of the cause, the defendant's setoff, as claimed, amounting to more than $100. Upon the first point made, as to whether damages of the nature claimed can be the subject matter of a setoff, the Court has only to refer to the case of Edwards *et al. v.* Todd, (1) as settling it. It is there decided, in an action of assumpsit brought in the Cir-

(1) 1 Scam. 462.

cuit Court, that unliquidated damages arising out of contracts may be setoff. The words "claim or demand," as used in the seventeenth section of the practice act, embrace all cases arising out of contracts or agreements, expressed or implied. In this case the setoff claimed by Ruckells arose out of a contract of rent, and was, therefore, a proper matter of setoff. The question of jurisdiction was not raised in the Court below, nor was any decision of that Court pronounced upon it. It is made here for the first time, and its determination involves the construction of the act concerning justices of the peace, approved February 3, 1827, (1) and the act extending their jurisdiction, approved March 2, 1833. (2) The first section of this act limits the jurisdiction of a justice of the peace to one hundred dollars in cases of contract. The sixteenth section provides, that " in all suits commenced before a justice of the peace, each party shall bring forward all his or her demands against the other, which are of such a nature as to be consolidated, and which do not exceed one hundred dollars when consolidated, into one action or defence, and on refusing or neglecting to do the same, shall forever be debarred from the privilege of suing for any such debt or demand." The act to extend the jurisdiction of justices of the peace in certain cases, gives them jurisdiction to hear and determine all civil suits or demands for any debts or demands originally exceeding one hundred dollars, if reduced below that sum by fair credits. In the case under consideration, the plaintiff's claim was within the acknowledged jurisdiction of the justice, being for less than one hundred dollars; and the question arises, does the presentation of the defendant's claim, amounting to more than that sum, oust the justice of that jurisdiction. The sixteenth section of the act of 1827 must, we think, be read in connection with the amendatory act of 1833, extending the jurisdiction of justices of the peace, so as to permit a defendant to introduce his setoff, though originally over one hundred dollars, provided he does not claim a balance in his favor exceeding one hundred dollars.

Suppose the case of a plaintiff who sues a defendant for twenty dollars, and he produces the plaintiff's note, due at the time of trial, for two hundred dollars, what is the justice of the peace to do? Although the defendant may admit the amount of the plaintiff's account, yet, if he insists that the plaintiff is indebted to him on the note produced, the justice of the peace could not give judgment for the plaintiff, for the evidence would show that he is, in fact, indebted to the defendant, in the sum of one hundred and eighty dollars, over and above the amount of the plaintiff's claim. He must, then, do one of two things, either allow as much of the note as will setoff the plaintiff's claim, and give judgment for the defendant for the costs, or dismiss the suit altogether, the note being proof that the defendant owes the plaintiff nothing. Suppose the

(1) R. L. 386; Gale's Stat. 402.          (2) R. L. 415; Gale's Stat. 426.

note is reduced by credits, *prima facie* fairly endorsed on it, to the sum of ninety-nine dollars; then, we apprehend, the justice of the peace could render a judgment for the defendant for the seventy-nine dollars, after deducting the plaintiff's demand of twenty dollars. In the case of open accounts, as in this case, it cannot be admitted that the existence of an indebtedness by the plaintiff to the defendant, originally more than one hundred dollars, shall deprive the defendant of a judgment against the plaintiff, provided he claims, as a balance, less than one hundred dollars. We are of opinion, in all such cases, the justice of the peace may render a judgment for the defendant, for a sum less than one hundred dollars, though the account of the defendant may originally amount to more than that sum. His " defence" covers only a sum within the jurisdiction of a justice of the peace, and we see nothing to prevent him from rendering a judgment accordingly. The law abhors a multiplicity of suits, and by this mode of proceeding it will unquestionably be avoided.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*